1  Stacy L. Fode, Esq. (SBN 199883)
   sfode@nfclegal.com
2  Carol K. Shieh, Esq. (SBN 304440)
   cshieh@nfclegal.com
3  **NUKK-FREEMAN & CERRA, P.C.**
   550 West B Street, 4th Floor
4  San Diego, CA 92101
   Telephone: 619.292.0515
5  Facsimile: 619.566.4741

6

7  *Attorneys for Defendant*
   *XEROX CORPORATION*
8

9

10                     **UNITED STATES DISTRICT COURT**

11                     **CENTRAL DISTRICT OF CALIFORNIA**

12  CARLOS DIAZ,                          Case No.

13           Plaintiff,

14                                        **DEFENDANT XEROX**
                                          **CORPORATION'S NOTICE TO**
15  vs.                                   **FEDERAL COURT OF REMOVAL**
                                          **OF CIVIL ACTION FROM STATE**
16  XEROX CORPORATION; and DOES           **COURT**
    1 through 50, inclusive,
17
                                          State Action Filed: September 6, 2022
18
             Defendants.
19

20

21       **TO: THE UNITED STATES DISTRICT COURT FOR THE**

22  **CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF CARLOS**

23  **DIAZ AND HIS COUNSEL OF RECORD:**

24       **PLEASE TAKE NOTICE** that Defendant XEROX CORPORATION

25  (hereinafter "Defendant") by and through its attorneys of record, pursuant to 28

26  U.S.C. §§ 1332(a), 1441(a), and 1446(b), files this Notice to Federal Court of

27  Removal of Civil Action from State Court ("Notice of Removal") with respect to the

28  above-captioned case, which was filed and is currently pending in the Superior Court

of the State of California, County of Orange, Case No. 30-2022-01279397-CU-WT-CJC (the "State Court Action"). Defendant removes to the United States District Court for the Central District of California. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), because it involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The grounds for removal are as follows:

1. On or about September 6, 2022, Plaintiff CARLOS DIAZ ("Plaintiff") filed his original complaint in the State Court Action. In the State Court Action, Plaintiff asserts six causes of action against Defendant for: (1) Disability Discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Provide Reasonable Accommodations in violation of FEHA; (3) Failure to Engage in Good Faith Interactive Process in violation of FEHA; (4) Retaliation in violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation in violation of FEHA; and (6) Wrongful Termination in Violation of Public Policy.

2. On September 12, 2022, Defendant was personally served with the Summons, Complaint, and related case documents. True and correct copies of the Summons, Complaint, and related case documents are attached hereto as **Exhibit A**.

3. On October 4, 2022, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

4. **Exhibits A and B** constitute all "summons, pleadings and orders" filed in the State Court Action, to date.

5. Defendant's Notice of Removal is further supported by the Declaration of Stacy L. Fode, Esq., which is attached hereto as **Exhibit C**, and the Declaration of Jesus David, which is attached hereto as **Exhibit D**.

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending."

## I. REMOVAL IS TIMELY

7. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days after the receipt by the defendant of the initial pleading. Plaintiff personally served Defendant with the Summons and Complaint on September 12, 2022. Defendant has thirty (30) days from the delivery of said date to remove the action. Thirty (30) days from September 12, 2022 is October 12, 2022. Therefore, Defendant's deadline for removing this action is Wednesday, October 12, 2022. Accordingly, removal is timely.

8. As discussed below, removal of this action is proper because the parties are of diverse citizenship and the action involves an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a) BECAUSE THE PARTIES ARE OF DIVERSE CITIZENSHIP AND THE MATTER IN CONTROVERSY EXCEEDS $75,000

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Furthermore, this action may be removed to this Court under 28 U.S.C. § 1441(b) in that it involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship

10. For this Court to have original jurisdiction under 28 U.S.C. §1332(a)(1), there must be complete diversity of citizenship between the parties in the case. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002). As is explained more fully below, complete diversity exists in this action because Plaintiff and Defendant are each citizens of different states.

11. **Plaintiff's Citizenship:** For diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his or her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). According to Plaintiff's Complaint, Plaintiff resides in the State of California. *See* **Exhibit A**, Complaint ("Compl."). His most recent address on file with Defendant was an address located in Beaumont, California. *See* Declaration of Jesus David ("David Decl."), ¶ 7, attached hereto as **Exhibit D.** The foregoing information regarding Plaintiff's residency constitutes *prima facie* evidence that Plaintiff's place of residence and domicile is the State of California within the meaning of 28 U.S.C. § 1332(a).

12. **Defendant Xerox Corporation's Citizenship:** Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." A corporation's principal place of business is identified pursuant to the "nerve center" test, set forth in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under the "nerve center" test, a company's principal place of business is in the state where a corporation's high-level officers "direct, control, and coordinate the corporation's activities"—typically the corporation's headquarters. *Id.* at 92–93. Defendant is a corporation organized under the laws of the State of New York and maintains its executive and administrative offices at its headquarters in Norwalk, Connecticut. *See* **Exhibit D,** David Decl., ¶¶ 8-9. Consequently, Xerox is a citizen of New York and Connecticut, and not California. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

13. **For Diversity Purposes, the Citizenship of Doe Defendants Is Disregarded:** The citizenship of fictitious Defendant DOES is disregarded pursuant to 28 U.S.C. § 1441(b)(1), which states that for purposes of removal under this chapter, "the citizenship of defendants sued under fictitious names shall be disregarded." *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir.

1980) ("unknown defendants sued as 'DOES' need not be joined in a removal petition").

### B.       Amount in Controversy

14.     Without admitting that Plaintiff could recover any damages in this action, the amount in controversy in this action easily exceeds $75,000, exclusive of interest and costs.

15.     Under 28 U.S.C. § 1332(a), federal courts have jurisdiction over civil suits "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553 (2014). "[R]emoval of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

16.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002).  The Court must consider all recoverable damages, including liquidated damages and punitive damages. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (superseded by statute on other grounds).

17.     While Plaintiff does not allege a specific dollar amount in the Complaint, Plaintiff has alleged significant injuries from Defendant's alleged disability discrimination in violation of FEHA; failure to accommodate; failure to engage in good faith interactive process; retaliation in violation of FEHA; failure to prevent discrimination and retaliation in violation of FEHA; and wrongful termination in violation of public policy.  Plaintiff has alleged that as a result of

Defendant's alleged unlawful acts, he has suffered damages in the form of substantial losses in earnings and other employment benefits, humiliation, emotional distress, pain and anguish, and other prospective damages. *See, e.g.,* **Exhibit A**, Compl. ¶¶ 41-42, 57-58, 74-75, 90-91, 99-100, 109, and 110-111. Plaintiff has also sought punitive damages. *See, e.g.,* **Exhibit A**, Compl. ¶¶ 43, 59, 76, 92, 101, and 112 and Prayer, p. 15. As described below, if liability is proven as to each of Plaintiff's claims, Plaintiff's alleged damages are likely to easily exceed $75,000.

18. Prevailing plaintiffs in employment cases are generally entitled to past and future loss of earnings. *Villacorta v. Cemex Cement, Inc.*, 221 Cal. App. 4th 1425, 1432 (2013); *see also Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413, 427 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings."). Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed at "the time of removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("…[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them.").

19. Plaintiff's hourly rate at the time of his separation from Defendant was $ 25.976 per hour, or a base annual salary of $ 54,030.08. *See* **Exhibit D,** David Decl., ¶ 4. Plaintiff filed the instant Action on September 6, 2022 and alleges in his Complaint that Defendant terminated his employment on September 7, 2020. *See* **Exhibit A**, Compl. ¶ 29.

20. Although Defendant denies any liability as to Plaintiff's claims, assuming this action were to proceed to trial on September 6, 2023 (a conservative estimate of one year from the date Plaintiff filed his Complaint), approximately 156 weeks will have passed since Plaintiff's alleged September 7, 2020 termination. Assuming Plaintiff can establish liability on his allegations related to disability discrimination (first cause of action), retaliation (fourth cause of action),

discrimination and retaliation in violation of FEHA (fifth cause of action), and/or wrongful termination in violation of public policy (sixth cause of action), Plaintiff could seek to recover approximately $**162,090.24** in lost wages, calculated as follows: $25.976 x 40 hours per week x 156 weeks (representing the time period of September 7, 2020 through September 6, 2023).[1] *See Beltran v. Procare Pharmacy, LLC*, No. 219CV08819ODWRAOX, 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) ("When the date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate") citing *Calhoun v. Consol. Disposal Serv., LLC*, No. 19-cv-2315-MWF (MRWx), 2019 WL 2522677, at *3 (C.D. Cal. June 18, 2019); *see also Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-CJC (SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019).

21. Plaintiff's claims for front pay may also be considered in determining the amount in controversy for purposes of removal. *See Fritsch v. Swift Transportation Company of Arizona, LLC,* 899 F.3d 785, 793–94 (9th Cir. 2018) (future lost wages may be considered in determining amount in controversy for purposes of removal); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) (same). In terms of claims for front pay and loss of earning capacity, federal courts in the State of California have held that, depending on the circumstances, where a plaintiff prevails on claims entitling him to lost wages, and where front pay is sought, front pay awards of one to three years are reasonable. For instance, in *Nehara v. California*, (E.D. Cal. 2013) 2013 WL 1876122, *4–5, the Court found that a prevailing plaintiff in a wrongful termination case was entitled to a front pay award of three years. *Id*. at *4–5. Thus, while Defendant disputes that

---

[1] If Plaintiff alleges that he was *constructively discharged* as of May 27, 2020 when his physician released him to "return to work on light duty restrictions…[but] [n]evertheless, Defendants continued to refuse to accommodate Plaintiff's modified work restrictions . . ." Plaintiff could seek to recover approximately $ 177,675.84 in lost wages, calculated as follows: $25.976 x 40 hours per week x 171 weeks (representing the time period of May 27, 2020 through September 6, 2023). *See* **Exhibit A**, Compl. ¶ 23.

Plaintiff is entitled to any damages, in the event Plaintiff is successful in prosecuting his claims, he could be entitled to a front pay award from the time of trial.

22. If Plaintiff prevails on his first, fourth, fifth, or sixth causes of action, Plaintiff would also be entitled to an award of front pay. Assuming a conservative front pay award of one (1) year, Plaintiff could seek to recover $54,030.08 calculated as follows: hourly rate of $25.976 x 40 hours per week x 52 weeks. *See Downes v. Volkswagen of Am.*, 41 F.3d 1132, 1143-1144 (7th Cir. 1994) (holding award of front pay for two years' worth of wages was reasonable in employment discrimination action). **Together, Plaintiff's potential recovery for front pay and lost wages exceed the amount in controversy requirement and total $216,120.32**, exclusive of emotional distress damages or attorneys' fees Plaintiff may also seek to recover if he prevails on his claims. This amount does not include alleged lost benefits, which could also be awarded should Plaintiff prevail.

23. Plaintiff also requests damages for emotional distress. In *Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002), although the plaintiff's claim only addressed approximately four months of discrimination, the court held that emotional distress damages may be substantial. Here, Plaintiff alleges that he suffered "humiliation, emotional distress, and pain and anguish" as a result of Defendant's alleged conduct. *See, e.g.,* **Exhibit A**, Compl. ¶¶ 42, 58, 75, 91, 100, 111. While Defendant contests Plaintiff's claim for emotional distress, if Plaintiff succeeds on such claim, this amount would further exceed the $75,000 jurisdictional minimum already met above.[2]

24. Plaintiff also requests attorney fees. Plaintiff's claims for attorney fees may also be considered in determining the amount in controversy for purposes of

---

[2] For brevity, Defendant has not detailed all of the damages at issue in each of Plaintiff's claims; however, should Plaintiff challenge the Court's jurisdiction or seek remand, Defendant reserves the right to supplement this Notice of Removal and can and will present evidence establishing that the amount in controversy in this action exceeds $75,000.

removal. *See Fritsch v. Swift Transportation Company of Arizona, LLC,* 899 F.3d 785, 793–94 (9th Cir. 2018) (future attorney fees may be considered in determining amount in controversy for purposes of removal); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) (same). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Technology* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035.

25. In Plaintiff's Complaint, he requests "reasonable attorneys' fees and costs" for the time Plaintiff's attorney spends on prosecuting this action. *See, e.g.* **Exhibit A**, Compl. ¶¶ 44, 60, 77, 93, 102. Although Defendant disputes that Plaintiff is entitled to any attorney fees, such claim for attorney fees, if successful, would certainly push the total amount in controversy past the $75,000 jurisdictional minimum.

26. In sum, given that the amount in controversy easily exceeds $75,000 and that Plaintiff and Defendant are both citizens of different states, the Court has proper diversity jurisdiction over this matter.

**III.    VENUE**

27. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 84(c)(1), this Court embraces the Superior Court of California, County of Orange. Accordingly, this Court is the appropriate venue for removal of this action.

///

28. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, Defendant will serve on Plaintiff written notice of this Notice of Removal, enclosing a copy of this Notice. Furthermore, Defendant will file a copy of both its Notice of Removal and notice to Plaintiff with the Clerk of the Superior Court of California, County of Orange.

## IV.   CONCLUSION

29. Removal of this action is proper because this matter involves parties that are both citizens of different states and an amount in controversy exceeding $75,000.

30. Defendant submits this Notice of Removal without waiving any defenses to claims asserted by Plaintiff or conceding that Plaintiff has asserted claims upon which relief can be granted.

31. The Superior Court of California, County of Orange, from which this action is removed and in which this action was commenced is within this Court's district and division.

32. **Exhibits A and B** attached to this Notice of Removal encompass all documents and proceedings filed in the Superior Court of California, County of Orange, as of the date of this removal, including the Summons and Complaint filed on or about September 6, 2022; and the Answer filed by Defendant prior to this Notice of Removal of Civil Action from State Court.

WHEREFORE, Defendant requests that this action be removed from the Superior Court of California, County of Orange to the United States District Court for the Central District of California.

DATED: October 5, 2022         **NUKK-FREEMAN & CERRA, P.C.**

*s/ Stacy L. Fode*
Stacy L. Fode, Esq.
Carol K. Shieh, Esq.
Attorneys for Defendant
XEROX CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of October, 2022, true and correct copies of the foregoing documents were electronically filed with the Clerk of the Court for the United States District Court for the Central District of California using the CM/ECF system. The undersigned further certifies that a copy of the foregoing documents were mailed by express service providing overnight delivery, to the following:

Michael J. Jaurigue, Esq.
S. Sean Shahabi, Esq.
JAURIGUE LAW GROUP
300 West Glenoaks Blvd, Suite 300
Glendale, California 91202

s/ *Stacy L. Fode*
Stacy L. Fode