# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 09/06/2022 06:22:26 PM.
30-2022-01279397-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.
#:17

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Xerox Corporation; and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Carlos Diaz,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange - Central Justice Center<br>700 W Civic Center Drive, Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2022-01279397-CU-WT-CJC<br>Judge Martha K. Gooding |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jaurigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

| DATE: 09/06/2022 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by | K. Trent | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Electronically Filed by Superior Court of California, County of Orange, 09/06/2022 06:22:26 PM.
30-2022-01279397-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.
#:18

Michael J. Jaurigue (SBN 208123)
S. Sean Shahabi (SBN 204710)
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697
service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com

*Attorneys for Plaintiff*
Carlos Diaz

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## ORANGE COUNTY

| | |
|---|---|
| Carlos Diaz,<br><br>        Plaintiff,<br><br>     v.<br><br>Xerox Corporation; and Does 1 through 50, inclusive,<br><br>        Defendants. | Case No.  30-2022-01279397-CU-WT-CJC<br><br>**COMPLAINT**<br><br>1.  Disability Discrimination in violation of FEHA<br>2.  Failure to Provide Reasonable Accommodations in Violation of FEHA<br>3.  Failure to Engage in Good Faith Interactive Process in Violation of FEHA<br>4.  Retaliation in Violation of FEHA<br>5.  Failure to Prevent Discrimination and Retaliation in Violation of FEHA<br>6.  Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Assigned for All Purposes**<br><br>Judge Martha K. Gooding |

Page 3 Exhibit A

1.    Plaintiff Carlos Diaz ("Plaintiff"), individually, brings this action against Defendant Xerox Corporation and Does 1 through 50, inclusive (hereinafter, referred to collectively as "Defendants") as follows:

### PARTIES

2.    Defendants employed Plaintiff and permitted Plaintiff to work and exercised control over Plaintiff's wages, hours, and working conditions.

3.    Plaintiff is informed and believes and thereon alleges that Defendant Xerox Corporation is a Corporation organized under the laws of the State of California.

4.    Defendant Xerox Corporation at all times relevant herein, was and is conducting business in the state of California, in the County of Orange at 650 Newport Center Dr, Newport Beach, CA 92660.

5.    At all times relevant herein, Plaintiff was employed by Defendants in the County of Orange, California at 650 Newport Center Dr, Newport Beach, CA 92660.

6.    Plaintiff does not know the true names of Defendants named herein as Does 1 through 50, inclusive, and therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474. The true names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

7.    Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venturer of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

8.    Plaintiff is informed and believes and thereon alleges that at all relevant times each of the Defendants was the integrated enterprise, joint employer of Plaintiff and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for the conduct of them. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as employers, either directly or indirectly, and of the manner in which Defendants' business was conducted.

Page 4 Exhibit A

COMPLAINT

9.      Plaintiff is further informed and believes and thereon alleges that all Defendants acted pursuant to and within the scope of the relationships alleged above, that all Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants and that all Defendants acted pursuant to a conspiracy and agreement to do the things alleged herein.

10.      Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## *JURISDICTION AND VENUE*

11.      The amount of damages sought herein is greater than $25,000. Hence this case is within the unlimited jurisdiction of this Court.

12.      This Court has jurisdiction over Xerox Corporation because at all times relevant, it is and was authorized to transact, and is transacting business in Orange County, California.

13.      Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in Orange County, California.

14.      Plaintiff has exhausted all of the administrative requirements for proceeding with claims under the Fair Employment and Housing Act ("FEHA") by timely filing an administrative complaint against Defendants with the Department of Fair Employment and Housing ("DFEH") on or around September 6, 2022 and receiving a Notice of Case Closure/Right-to-Sue Letter dated September 6, 2022. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's DFEH administrative complaint. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's DFEH Notice of Case Closure/Right-to-Sue letter.

## *GENERAL ALLEGATIONS*

15.      Plaintiff began his employment with Defendants on September 28, 1987 as a Production Operator, and throughout the years moved up to an Account Coordinator until his wrongful termination in or around September 7, 2020.

16.      On September 2, 2016, Plaintiff began to experience eye complications due to diabetes. From in or around September 2016 through in or around April 2017, Plaintiff's eye complications

Page 5 Exhibit A

COMPLAINT

worsened.

17.    On April 21, 2017, Plaintiff went out on medical leave due to hemorrhaging in his eyes. Plaintiff eventually returned to work from disability leave in or around September 22, 2017.

18.    On September 15, 2017, about a week prior to his scheduled return to work date, and due to Plaintiff's position as an Account Service Engineer requiring physical labor at the time, Plaintiff submitted a request for an Account Coordinator Position in Newport Beach, CA. This position was better suited for someone with Plaintiff's disability. Eventually, in or around November 2017, Manager Cecile Christopher ("Christopher") approved Plaintiff's application.

19.    From in or around November 2017 until in or around April 16, 2018, despite Plaintiff's continual eye complications, Plaintiff at all times continued to be a dedicated employee and continued to work for Defendants.

20.    Thereafter, from April 17, 2018 until June 18, 2018, Plaintiff went out on medical leave to recover from his disability, due to a resurgence of his eye complications.

21.    Plaintiff returned to work from medical leave in or around July of 2018. However, in or around November 2, 2018, Plaintiff's condition worsened once again and he worked on and off until February 1, 2019, when he requested long-term disability leave that lasted until in or around December 5, 2018. Thereafter, Plaintiff worked for Defendants with work restrictions but this lasted only until February of 2019. Throughout Plaintiff's employment, Plaintiff kept Defendants informed of his condition and any and all accommodations he would need to satisfactorily perform the duties of his job.

22.    Beginning February 1, 2019, Plaintiff was placed on disability and remained on disability leaves for the following two years, receiving extensions (as needed) authorized by his primary care physician.

23.    In or around May 27, 2020, Plaintiff's physician released Plaintiff to return to work on light duty restrictions, and required the following accommodations: work duties not exceeding lifting over 10 pounds, no pushing, pulling, or kneeling. However, Defendants did not approve Plaintiff's request for accommodations and Plaintiff continued on long-term disability leave until he could work under different work restrictions. In particular, Defendants' disability leave case representative Karmyn Lett ("Lett") forced Plaintiff to reach out to his doctor and obtain looser work restrictions, such as allowing Plaintiff to

Page 6 Exhibit  A

carry a higher amount of weight. Although Plaintiff did not agree that this recommendation was reasonable and he was in fear of losing his job, he saw no other recourse but to obtain a note from his doctor allowing Plaintiff to carry objects no heavier than 20 pounds. Nevertheless, Defendants continued to refuse to accommodate Plaintiff's modified work restrictions and Plaintiff remained on long-term disability leave.

24.     On June 5, 2020, while Plaintiff was still on disability leave, Plaintiff received a letter from Sedgwick stating that if Plaintiff remains disabled after his last disability leave, then he would no longer be an employee of Defendants. It also indicated that his long-term disability benefits began on September 25, 2017 through October 29, 2017; April 16. 2018 through June 18, 2018; November 5, 2018 through December 9, 2018; from January 21, 2019 through the present, and that his benefits would end on September 7, 2020.

25.     In or around July 2020, Plaintiff notified Sedgwick via email and copied Human Resource Business Operations representative Abhijit Acharya ("Acharya") and Christopher in the email about his newly modified work restrictions (no heavy lifting more than 20 pounds), in addition to requesting a job position that would not conflict with those work restrictions. However, in or around July 28, 2020, while Plaintiff was on long-term disability leave, Defendants informed Plaintiff that they would not accommodate his restrictions, and that the position was no longer available. Although Plaintiff observed that Defendants made numerous job postings looking to hire drivers and mail sorters as well as multiple other positions that would not conflict with Plaintiff's work restrictions, Defendants refused to offer Plaintiff the opportunity to resume employment with Defendants because they did not want to accommodate his disability and work restrictions. When Plaintiff asked about other available positions, Defendants replied that they cannot give Plaintiff another position because they had no control over it.

26.     Because Defendants failed to reinstate Plaintiff, Plaintiff remained on long-term disability per the doctor's note and did not return to work.

27.     In or around July 29, 2020, Plaintiff received a letter in the mail stating that Plaintiff's long-term disability plan would end on September 7, 2020.

28.     On August 3, 2020, while Plaintiff was still on long-term disability leave, Defendants sent Plaintiff another letter reiterating that his long-term disability plan would end on September 7, 2020.

29.     In or around September 7, 2020, while Plaintiff was still on long-term disability leave,

Page 7 Exhibit A

Defendants terminated Plaintiff by sending him a termination package in the mail.

30.    Plaintiff was terminated by Defendants not for any legitimate reason, but because of Plaintiff's medical condition and disability.

### FIRST CAUSE OF ACTION

*Disability Discrimination in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

31.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

32.    Government Code section 12940(a) provides in relevant part:

> It is an unlawful employment practice. . . (a) [f]or an employer, because of the. . . physical disability, mental disability to discharge the person from employment. . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

33.    Defendants wrongfully discriminated against Plaintiff based on Plaintiff's disability and history of disability.

34.    At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

35.    Defendants employed Plaintiff.

36.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

37.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability. Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process. Instead, Defendants denied Plaintiff's requests for accommodations and terminated Plaintiff under the false pretext that there were no positions available for him.

38.    Plaintiff was discharged in violation of FEHA by Defendants due to Plaintiff's disability.

39.    Plaintiff suffered harm when he was discriminated against and discharged by Defendants.

40.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

Page 8 Exhibit A

COMPLAINT

41.     As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

42.     As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

43.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

44.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION

*Failure to Provide Reasonable Accommodations in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

45.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

46.     Government Code section 12940(m)(1) provides in relevant part:

It is an unlawful employment practice. . . (m)(1) [f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

47.     California Code of Regulations, Title 2 section 11068 provides in relevant part:

(a) Affirmative Duty. An employer or other covered entity has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the

Page 9 Exhibit A

7

accommodation would impose an undue hardship.

. . .

(e) Any and all reasonable accommodations. An employer or other covered entity is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship. The employer or other covered entity shall consider the preference of the applicant or employee to be accommodated, but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity.

48.    At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

49.    Defendants employed Plaintiff.

50.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

51.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

52.    Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disability so that he would be able to perform the essential job requirements.

53.    Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process. Instead, Defendants terminated Plaintiff under the pretense that there was no work available for Plaintiff that did not conflict with his work restrictions, even though Defendants posted numerous job postings for positions that did not conflict with Plaintiff's work restrictions.

54.    Plaintiff was discharged in violation of the FEHA by Defendants due to Plaintiff's disability.

55.    Plaintiff suffered harm when he was denied a reasonable accommodation by Defendants.

56.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

57.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

58.    As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's

damage in an amount according to proof at trial.

59.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agent and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

60.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

*Failure to Engage in Good Faith Interactive Process in violation of FEHA*

*Cal. Gov. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

61.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

62.    Government Code section 12940(n) provides in relevant part:

> It is an unlawful employment practice. . . (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

63.    California Code of Regulations Title 2 section 11069 provides in relevant part:

> (a) Interactive Process. When needed to identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires a timely, good faith, interactive process between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition. Both the employer or other covered entity and the applicant, employee or the individual's representative shall exchange essential information identified below without delay or obstruction of the process.

Page 11 Exhibit A

9

COMPLAINT

64.    At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

65.    Defendants employed Plaintiff.

66.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

67.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

68.    Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disabilities so that he would be able to perform the essential job requirements.

69.    Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process. Instead, Defendants denied Plaintiff's requests for accommodations and terminated Plaintiff under the false pretext that there were no positions available for him.

70.    At all times material to this Complaint, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that Plaintiff would be able to perform the essential job requirements.

71.    Plaintiff was discharged in violation of FEHA by Defendants due to Plaintiff's disability.

72.    Plaintiff suffered harm when Defendants failed to engage in a good faith interactive process with Plaintiff.

73.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

74.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

75.    As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

76.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each

Page 12 Exhibit A

COMPLAINT

of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

77.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

*Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

78.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

79.     FEHA prohibits an employer from discriminating against or retaliating against an employee for opposing any practice forbidden by the FEHA or because the person has made a complaint about conduct perceived to be a violation of the FEHA. This subsection was amended in 2015 to explicitly prohibit retaliation for requesting accommodation, in particular, in Cal. Gov. Code 12940, subsections (l) and (m).

80.     Defendants are employers bound by FEHA.

81.     Defendants employed Plaintiff.

82.     During Plaintiff's employment with Defendants, Plaintiff suffered from a disability and requested accommodations as described herein.

83.     Plaintiff's physical condition limited Plaintiff's ability to participate in major life activities, including work. Plaintiff was able to perform Plaintiff's essential job duties with reasonable accommodation(s) for Plaintiff's physical condition, such as not being able to carry objects heavier than 20 pounds, as well as being provided with brief periods of medical leave.

84.     Defendants knew that Plaintiff had a physical disability, which limited major life activities, including work, and/or treated Plaintiff as if Plaintiff had a physical disability which limited major life activities, including work.

Page 13 Exhibit A

85.    Plaintiff requested reasonable accommodations for disabilities, including but not limited to work restrictions. Specifically, Plaintiff needed to not exceed lifting over 20 pounds, no pushing, pulling, or kneeling; Plaintiff also needed to stand and walk intermittently; no climbing of ladders or use of scaffolds; and Plaintiff needed not to bend at the waist or twist his torso.

86.    Defendants retaliated against Plaintiff because of Plaintiff's requests for reasonable accommodation. On or about September 7, 2020, Defendants terminated Plaintiff's employment.

87.    Plaintiff is informed and believes and based thereon alleges that Plaintiff's requests for reasonable accommodation(s) were motivating factors in Defendants' decision to terminate Plaintiff's employment in violation of FEHA.

88.    Plaintiff is informed and believes and based thereon alleges that the decision to terminate Plaintiff was made and/or ratified by Defendants' managing agents, officers and/or directors who were conscious of Plaintiff's right to medical leave and/or reasonable accommodations in Plaintiff's employment under the FEHA, but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. Defendants' disregard of Plaintiff's statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

89.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

90.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

91.    As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

92.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents, and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

93.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

Page 14 Exhibit A

fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

*Failure to Prevent Discrimination and Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

94. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

95. Government Code section 12940(k) provides in relevant part:

> It is an unlawful employment practice . . .[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and [retaliation] from occurring.

96. Defendants failed to take all reasonable steps necessary to prevent retaliation and/or discrimination of Plaintiff based on his medical disability.

97. Plaintiff suffered and continues to suffer harm as a result of Plaintiff's discharge by Defendants.

98. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

99. As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

100. As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

101. The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

Page 15 Exhibit A

102.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy*

*(On Behalf of Plaintiff Against All Defendants)*

103.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

104.    The discharge of Plaintiff by Defendants violates fundamental principles of public policy in that there is a substantial and fundamental policy against terminating employees for unlawful purposes, including on account of disability discrimination, failure to accommodate, failure to engage in a good faith interactive process, failure to prevent disability discrimination, and retaliation in violation of FEHA.

105.    Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

106.    Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy by terminating him due to disability discrimination, failure to accommodate, failure to engage in a good faith interactive process, failure to prevent disability discrimination, and retaliation in violation of FEHA.

107.    Plaintiff was harmed.

108.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

109.    In doing the acts described herein, Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

110.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

111.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of such damages to be determined by proof at trial.

112.    The conduct of Defendants and each of them as described above was malicious, fraudulent,

Page 16 Exhibit  A

or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

***PRAYER FOR RELIEF***

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1.      For such general, special, and compensatory damages as may be appropriate including all damages alleged above;

2.      For all statutory penalties as permitted by law;

3.      For past and future lost income and benefits and all appropriate equitable relief;

4.      For emotional distress damages;

5.      For restitution to the full extent permitted by law;

6.      For punitive damages;

7.      For prejudgment and post-judgment interest as available by law; and

8.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: September 6, 2022                    JAURIGUE LAW GROUP

                                            Michael J. Jaurigue
                                            S. Sean Shahabi

                                            *Attorneys for Plaintiff*
                                            Carlos Diaz

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury as to all causes of action.

Dated: September 6, 2022

JAURIGUE LAW GROUP

_Michael Jaurigue_

Michael J. Jaurigue
S. Sean Shahabi

*Attorneys for Plaintiff*
Carlos Diaz

Page 18 Exhibit A

16

COMPLAINT

# EXHIBIT 1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Carlos Diaz                                                                DFEH No. 202209-18149906

                                          Complainant,

vs.

Xerox Corporation
650 Newport Center Dr
Newport Beach, CA 92660

                                          Respondents

_____

**1.** Respondent **Xerox Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Carlos Diaz**, resides in the City of **Glendale,** State of **CA.**

**3**. Complainant alleges that on or about **September 7, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Additional Complaint Details:** 1.    Complainant Carlos Diaz ("Complainant") began his employment with Respondents Xerox Corporation ("Respondents") on September 28, 1987

-1-
*Complaint – DFEH No. 202209-18149906*

Date Filed: September 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

as a Production Operator, and throughout the years moved up to an Account Coordinator until his wrongful termination in or around September 7, 2020.

2.      On September 2, 2016, Complainant began to experience eye complications due to diabetes. From in or around September 2016 through in or around April 2017, Complainant's eye complications worsened.

3.      On April 21, 2017, Complainant went out on medical leave due to hemorrhaging in his eyes. Complainant eventually returned to work from disability leave in or around September 22, 2017.

4.      On September 15, 2017, about a week prior to his scheduled return to work date, and due to Complainant's position as an Account Service Engineer requiring physical labor at the time, Complainant submitted a request for an Account Coordinator Position in Newport Beach, CA. This position was better suited for someone with Complainant's disability. Eventually, in or around November 2017, Manager Cecile Christopher ("Christopher") approved Complainant's application.

5.      From in or around November 2017 until in or around April 16, 2018, despite Complainant's continual eye complications, Complainant at all times continued to be a dedicated employee and continued to work for Respondents.

6.      Thereafter, from April 17, 2018 until June 18, 2018, Complainant went out on medical leave to recover from his disability, due to a resurgence of his eye complications.

7.      Complainant returned to work from medical leave in or around July of 2018. However, in or around November 2, 2018, Complainant's condition worsened once again and he worked on and off until February 1, 2019, when he requested long-term disability leave that lasted until in or around December 5, 2018. Thereafter, Complainant worked for Respondents with work restrictions but this lasted only until February of 2019. Throughout Complainant's employment, Complainant kept Respondents informed of his condition and any and all accommodations he would need to satisfactorily perform the duties of his job.

8.      Beginning February 1, 2019, Complainant was placed on disability and remained on disability leaves for the following two years, receiving extensions (as needed) authorized by his primary care physician.

9.      In or around May 27, 2020, Complainant's physician released Complainant to return to work on light duty restrictions, and required the following accommodations: work duties not exceeding lifting over 10 pounds, no pushing, pulling, or kneeling. However, Respondents did not approve Complainant's request for accommodations and Complainant continued on long-term disability leave until he could work under different work restrictions. In particular, Respondents' disability leave case representative Karmyn Lett ("Lett") forced Complainant to reach out to his doctor and obtain looser work restrictions, such as allowing Complainant to carry a higher amount of weight. Although Complainant did not agree that this recommendation was reasonable and he was in fear of losing his job, he saw no other recourse but to obtain a note from his doctor allowing Complainant to carry objects no heavier than 20 pounds. Nevertheless, Respondents continued to refuse to accommodate Complainant's modified work restrictions and Complainant remained on long-term disability leave.

10.     On June 5, 2020, while Complainant was still on disability leave, Complainant received a letter from Sedgwick stating that if Complainant remains disabled after his last disability leave, then he would no longer be an employee of Respondents. It also indicated that his long-term disability benefits began on September 25, 2017 through October 29,

-2-

*Complaint – DFEH No. 202209-18149906*

Date Filed: September 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

2017; April 16. 2018 through June 18, 2018; November 5, 2018 through December 9, 2018; from January 21, 2019 through the present, and that his benefits would end on September 7, 2020.

11.    In or around July 2020, Complainant notified Sedgwick via email and copied Human Resource Business Operations representative Abhijit Acharya ("Acharya") and Christopher in the email about his newly modified work restrictions (no heavy lifting more than 20 pounds), in addition to requesting a job position that would not conflict with those work restrictions. However, in or around July 28, 2020, while Complainant was on long-term disability leave, Respondents informed Complainant that they would not accommodate his restrictions, and that the position was no longer available. Although Complainant observed that Respondents made numerous job postings looking to hire drivers and mail sorters as well as multiple other positions that would not conflict with Complainant's work restrictions, Respondents refused to offer Complainant the opportunity to resume employment with Respondents because they did not want to accommodate his disability and work restrictions. When Complainant asked about other available positions, Respondents replied that they cannot give Complainant another position because they had no control over it.

12.    Because Respondents failed to reinstate Complainant, Complainant remained on long-term disability  per the doctor's note and did not return to work.

13.    In or around July 29, 2020, Complainant received a letter in the mail stating that Complainant's long-term disability plan would end on September 7, 2020.

14.    On August 3, 2020, while Complainant was still on long-term disability leave, Respondents sent Complainant another letter reiterating that his long-term disability plan would end on September 7, 2020.

15.    In or around September 7, 2020, while Complainant was still on long-term disability leave, Respondents terminated Complainant by sending him a termination package in the mail.

16.    Complainant was terminated by Respondents not for any legitimate reason, but because of Complainant's medical condition and disability.

-3-
*Complaint – DFEH No. 202209-18149906*

Date Filed: September 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Michael J. Jaurigue, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On September 6, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                                        **Glendale, California**

-4-
*Complaint – DFEH No. 202209-18149906*

Date Filed: September 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

# EXHIBIT 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 6, 2022

Michael Jaurigue
300 W. Glenoaks Blvd.
Glendale, CA 91202

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202209-18149906
        Right to Sue: Diaz / Xerox Corporation

Dear Michael Jaurigue:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 6, 2022

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202209-18149906
        Right to Sue: Diaz / Xerox Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 6, 2022

Carlos Diaz
300 W. Glenoaks Blvd. Ste. 300
Glendale, CA 91202

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202209-18149906
       Right to Sue: Diaz / Xerox Corporation

Dear Carlos Diaz:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 6, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael J. Jaurigue, Esq. (SBN 208123); S. Sean Shahabi (SBN 204710)
JAURIGUE LAW GROUP
300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202
TELEPHONE NO.: (818) 630-7280    FAX NO. *(Optional):* (888) 879-1697
E-MAIL ADDRESS: service@jlglawyers.com
ATTORNEY FOR *(Name):* Carlos Diaz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W Civic Center Dr.
MAILING ADDRESS: 700 W Civic Center Dr.
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Diaz v. Xerox Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 30-2022-01279397-CU-WT-CJC |
| | | | | JUDGE: Judge Martha K. Gooding |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 6, 2022
Michael J. Jaurigue
_____
(TYPE OR PRINT NAME)

▶ *Michael Jaurigue*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 30 Exhibit A

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

Page 31 Exhibit A