Michael J. Jaurigue (SBN 208123)
S. Sean Shahabi (SBN 204710)
Nicole R. Clancy (SBN 305341)
**JAURIGUE LAW GROUP**
300 W Glenoaks Blvd, Ste 300
Glendale, CA 91202
Telephone: (818) 630-7280
Facsimile: (888) 879-1697
service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com
nicole@jlglawyers.com

*Attorneys for Plaintiff,*
Carlos Diaz

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DIAZ.<br><br>          Plaintiff.<br><br>     vs.<br><br>XEROX CORPORATION.<br><br>          Defendants. | Case No.: 8:22-cv-01822-DOC-ADS<br><br>**NOTICE OF ERRATA RE: PLAINTIFF'S AMENDED SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. David O. Carter<br><br>**Hearing**: 09/11/2023<br>**Time:** 9:30 a.m.<br>**Courtroom:** 10A<br><br>**Trial Date:**  September 25, 2023 |

1

NOTICE OF ERRATA RE: PLAINTIFF'S AMENDED SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Plaintiff CARLOS DIAZ ("Plaintiff") hereby submits the following notice of errata with reference to his previously filed Amended Separate Statement of Material Disputed Facts in Support of Plaintiff's Opposition to Motion for Summary Judgment:

Coversheet Material Disputed Fact No. 138; page 12; and

Amended Separate Statement Disputed Material Facts Nos. 2, 3, 6, 7, 8, 13, 14, 15, 19, 41, 45, 46, 47, 49, 51, 54, 55, 58, 59, 62, 63, 64, 65, 66, 67, 68, 80, 81, 81, 85; pages 36-37, 53-54; 73-74; 90-91; 107; 124-125; 141-142; 157-158; 173-174, 193-194; 254-255; 272-273; 285-286; 298-299; 311-312; 318-319; 323-324; 339-340; 355-356; 371-372; 393-394; 409-410; 445-446; 461-462; 477; 492-493; 508-509; 525-526; 541-542; 566-567; 585-586; 605-606:

**Reads:** In denying Plaintiff the open position, Defendant did (1) engage in an interactive process with Plaintiff regarding the 17 days of restrictions of Lifting /carrying /pushing/ pulling more than 10 lbs. for the open EMWD position (2) discuss potential accommodations for Plaintiff to have the position (3) respond to Plaintiff's June 22, 2020 request to engage in an interactive process with his manager and HR Ops Manager (4) or provide or discuss the essential functions of the mail room position with EMWD and the physical demand rating and requirements, as Defendant and Sedgwick had done in the past when Plaintiff requested the same accommodations pursuant to policies and procedures. Instead, Arthur Dyson wanted to proceed with the ETH over Plaintiff because he had disability with work restrictions, despite Plaintiff legally being entitled to preferential consideration for the position. Plaintiff was also not reinstated to a comparable position after taking FMLA leave pursuant to Defendant's policies and procedures. In response, on June 23, 2023, Alan Ray response that he, "understood," and that Defendant would need to continue having the TS fill the role until they got approval to hire for the EMWD role.

1    **Should read:**  In denying Plaintiff the open position, Defendant did not (1)

2    engage in an interactive process with Plaintiff regarding the 17 days of restrictions

3    of Lifting /carrying /pushing/ pulling more than 10 lbs. for the open EMWD

4    position (2) discuss potential accommodations for Plaintiff to have the position (3)

5    respond to Plaintiff's June 22, 2020 request to engage in an interactive process

6    with his manager and HR Ops Manager (4) or provide or discuss the essential

7    functions of the mail room position with EMWD and the physical demand rating

8    and requirements, as Defendant and Sedgwick had done in the past when Plaintiff

9    requested the same accommodations pursuant to policies and procedures. Instead,

10   Arthur Dyson wanted to proceed with the ETH over Plaintiff because he had

11   disability with work restrictions, despite Plaintiff legally being entitled to

12   preferential consideration for the position. Plaintiff was also not reinstated to a

13   comparable position after taking FMLA leave pursuant to Defendant's policies and

14   procedures. In response, on June 23, 2023, Alan Ray response that he,

15   "understood," and that Defendant would need to continue having the TS fill the

16   role until they got approval to hire for the EMWD role.

17        Coversheet Material Disputed Fact No. 150; page 15:

18        **Reads:**  On July 23, 2020, Karmyn Lett called Plaintiff and told him that his

19   manager has communicated there were no positions open. In response, Plaintiff

20   told Karmyn Lett that he thought he could On July 23, 2020, Karmyn Lett called

21   Plaintiff and told him that his manager has communicated there were no positions

22   open. In response, Plaintiff told Karmyn Lett that he thought he could return to

23   work and requested an interactive dialogue.

24        **Should Read**: On July 23, 2020, Karmyn Lett called Plaintiff and told him

25   that his manager has communicated there were no positions open. In response,

26   Plaintiff told Karmyn Lett that he thought he could return to work and requested an

27   interactive dialogue.

28   ///

**3**

NOTICE OF ERRATA RE: PLAINTIFF'S AMENDED SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1  DATED: September 9, 2023                    **JAURIGUE LAW GROUP**

2

3                                        By: _____

4                                              Michael J. Jaurigue
5                                              S. Sean Shahabi
                                               Nicole Clancy
6                                              *Attorneys for Plaintiff,*
                                               CARLOS DIAZ
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ERRATA RE: PLAINTIFF'S AMENDED SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

***CARLOS DIAZ v. XEROX CORPORATION***

**USDC Case No.:** 8:22-cv-01822-DFM

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 W. Glenoaks Blvd., Ste 300 Glendale, California 91202.

I hereby certify that on **September 9, 2023,** I served the documents described as:

**NOTICE OF ERRATA RE: PLAINTIFF'S AMENDED SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**X**    on the interested parties in this action electronically as follows:

Stacy L. Fode
Carol K. Shieh
Clara Castaneda
Nana Yee
NUKK-FREMAN & CERRA, P.C.
1230 Columbia Street, Suite 860
San Diego, CA 92101
*Attorneys/E-Service List Recipients for Defendant*

**X**    (BY EMAIL) I emailed a copy of the document(s) listed above to the following recipients:

sfode@nfclegal.com
cshieh@nfclegal.com
ccastaneda@nfclegal.com
nyee@nfclegal.com

**X** (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 9, 2023**.

*/s/ Parker Swanson*

parker@jlglawyers.com

**1**

CERTIFICATE OF SERVICE